# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| CARLOTTA SUSANN KUTSCHENREUTER, | ) ) ) |
| Petitioner, | ) ) ) Case No. 4:21-cv-00115-AMM-JHE |
| v. | ) ) |
| WARDEN LAGRETA McCLAIN, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Carlotta Susann Kutschenreuter filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On January 12, 2022, the magistrate judge entered a report recommending the court deny that petition as untimely. Doc. 18. Specifically, the magistrate judge determined that under 28 U.S.C. § 2244(d)(1)(A), Ms. Kutschenreuter's federal habeas limitation period began to run on July 18, 2014, and expired one year later on July 18, 2015. Doc. 18 at 4–6. Because Ms. Kutschenreuter did not file the present petition until January 15, 2021, Doc. 1-10 at 35, the magistrate judge found that Ms. Kutschenreuter's petition is untimely. Doc. 18 at 4–6. The magistrate judge further found that Ms. Kutschenreuter did not meet the standard for either statutory or equitable tolling.[1]

---

[1] Although the magistrate judge referenced the Certificate of Judgment from Ms. Kutschenreuter's Rule 32 post-conviction proceedings in the report and recommendation, the Certificate of Judgment was inadvertently omitted as an exhibit to the report and recommendation. Doc. 18 at 2

1

*Id*. at 6–8. On February 18, 2022, Ms. Kutschenreuter filed objections to the magistrate judge's report and recommendation. Doc. 24.

Ms. Kutschenreuter objects to the magistrate judge's determination of the date her limitation period began to run under 28 U.S.C. § 2244. *Id.* at 19–23. She further objects to the magistrate judge's conclusion that she is not entitled to statutory or equitable tolling of the limitation period and provides various reasons why she is entitled to tolling under one, if not both, tolling provisions. *Id*. at 23–53. Moreover, Ms. Kutschenreuter contends she meets the actual innocence exception to overcome the statute of limitations. *Id.* at 53–55.

### A.  Ms. Kutschenreuter's federal habeas limitation period began to run on July 18, 2014, and expired one year later on July 18, 2015.

Ms. Kutcschenreuter argues that under Alabama Rule of Criminal Procedure 32.2(c), her one-year limitation to file a Rule 32 petition began to run on July 23, 2014—when the Alabama Court of Criminal Appeals issued its Certificate of Judgment—and expired one year later on July 23, 2015. Doc. 24 at 24–27. She reasons that her federal habeas limitation period mirrors the Alabama Rule of Criminal Procedure 32.2(c) limitation period and therefore she had until July 23,

---

n.2. Therefore, the Certificate of Judgment is attached to this Memorandum Opinion as an exhibit. Because Ms. Kutschenreuter's federal habeas limitation expired before she filed her Rule 32 post-conviction petition in August 2015, as discussed herein, the Certificate of Judgment has no bearing on the timeliness of her federal habeas petition.

2

2015 to file her federal petition. Doc. 24 at 27. The court understands Ms. Kutschenreuter's argument to be that if her federal limitation period also expired on July 23, 2015, and the Etowah County Circuit Court extended her time to file her Rule 32 petition to August 23, 2015, her federal limitation period would have been tolled during the pendency of the Rule 32 proceedings. *Id.* at 31–32.

This court is bound by 28 U.S.C. § 2244(d)(1) and federal case law precedent. Under § 2244(d)(1)(A), Ms. Kutschenreuter's limitation period began to run on the date her conviction became final by the conclusion of direct review or the expiration of her time for seeking direct review. Because Ms. Kutschenreuter's time for seeking direct review by filing a petition for a writ of certiorari in the Alabama Supreme Court expired on July 17, 2014, *see* Ala. R. App. P. 39(c), 40(c), her federal habeas time began to run on July 18, 2014, not on July 23, 2014 when the Alabama Court of Criminal Appeals issued the Certificate of Judgment. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes final on the date that the time for seeking such review expires.") (internal quotation marks omitted); *Green v. Sec'y, Dep't of Corrs.*, 877 F.3d 1244, 1247 n.3 (11th Cir. 2017) ("The limitation period began to run the day after the conviction and sentence became final . . . .") (citing Fed. R. Civ. P. 6(a)(1)). That limitation period expired one year later on July 18, 2015.

To the extent Ms. Kutschenreuter attempts to argue that the State "impeded her Rule 32 appeal rights" and therefore her limitation period did not begin to run until such impediment was removed under 28 U.S.C. § 2244(d)(1)(B), her argument is without merit. Doc. 24 at 21. There is no evidence in the record to indicate the State prevented Ms. Kutschenreuter from filing a Rule 32 petition in the Etowah County Circuit Court. Rather, Ms. Kutschenreuter contends the State did not respond to her Rule 32 petition in a timely manner. *Id.* at 42–43. Similarly, Ms. Kutschenreuter has not alleged facts suggesting § 2244(d)(1)(C) or (D) triggered the limitation period.

Ms. Kutschenreuter also contends she should have the benefit of the 90-day period within which she might have sought certiorari review in the United States Supreme Court. Doc. 24 at 32–33. Where a state prisoner appeals her conviction to the Alabama Court of Criminal Appeals and files an application for rehearing but does not petition for certiorari review in the Alabama Supreme Court, she is not entitled to the 90-day period within which she might have sought review in the U.S. Supreme Court, had she first sought review in the state's highest court. *See Pugh v. Smith*, 465 F.3d 1295, 1299–300 (11th Cir. 2006) (holding that petitioner is not entitled to benefit of 90-day period for U.S. Supreme Court certiorari review when he does not seek review in the state's highest court). Accordingly, Ms.

Kutschenreuter is not entitled to the additional 90-day period had she appealed to the Alabama Supreme Court.

Ms. Kutschenreuter argues that her appellate counsel was ineffective for failing to petition for certiorari review in the Alabama Supreme Court and contends the loss of the 90-day period should not be counted against her. Doc. 24 at 32–33. But precedent does not support that result. Ms. Kutschenreuter did not have a right for counsel to file a petition for certiorari in the Alabama Supreme Court since such review is discretionary. *See* Ala. R. App. P. 39(a) ("Certiorari review is not a matter of right, but of judicial discretion."). Although the Constitution "requires appointment of counsel for indigent state defendants on their first appeal as of right," *Ross v. Moffitt*, 417 U.S. 600, 602 (1974), the same is not true for seeking discretionary state review. *Id*. at 609–16; *see also Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (reiterating that "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court"). Accordingly, Ms. Kutschenreuter's assertion that her appellate attorney failed to file a petition for certiorari to the Alabama Supreme Court does not make her petition timely.

Ms. Kutschenreuter further complains that her appellate counsel did not provide her a copy of her trial transcript until January 30, 2015. Doc. 24 at 8, 34. As the magistrate judge observed, Ms. Kutschenreuter still had more than five months

5

to file a timely federal habeas petition after that date, but she offers no explanation why she failed to do so. Doc. 18 at 7–8.

Similarly, Ms. Kutschenreuter casts blame on the inadequacy of the prison law library and various prison policies for her failure to timely file a federal habeas petition. Doc. 24 at 49–51. But Ms. Kutschenreuter concedes that she "did not even begin to research the Federal § 2254 issue until she exhausted her Rule 32 on Oct 16, 2020," which was long after her limitation period expired. *Id.* at 44. Ms. Kutschenreuter's assertion that she was unaware of or misunderstood the federal limitation deadline is unavailing since she is presumed to know of the limitation period. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (finding that *pro se* litigants are deemed to know of the one-year federal habeas limitation and "confusion or ignorance about the law" does not constitute extraordinary circumstances).

Ms. Kutschenreuter also asserts that her August 2015 Rule 32 petition remained pending for nearly four years due to the Etowah County District Attorney's failure to timely respond to the petition, Doc. 24 at 10–18, but the federal limitation period had already expired when Ms. Kutschenreuter filed the Rule 32 petition in August 2015, and the State's delay in responding does not excuse her untimely federal habeas petition. Accordingly, Ms. Kutschenreuter's objections on the foregoing grounds are **OVERRULED**.

### B. Ms. Kutschenreuter has not shown she is entitled to an actual innocence exception to overcome the statute of limitations.

Ms. Kutschenreuter also asserts that she is actually innocent of murder to overcome the untimeliness of her petition. Doc. 24 at 53–55. But Ms. Kutschenreuter cannot establish actual innocence. Actual innocence means factual innocence, not merely legal insufficiency, which is what Ms. Kutschenreuter alleges here. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998). Indeed, Ms. Kutschenreuter contends she is innocent of "intentional murder" because she lacked "the mental capability of intent," but acknowledges she "may have been found guilty of reckless manslaughter" or found not guilty by reason of insanity. *Id.* at 53. Because Ms. Kutschenreuter has not alleged facts sufficient to establish actual innocence, her objection on this ground is **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and Ms. Kutschenreuter's objections, the court hereby **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendation. The court will deny the petition and dismiss Ms. Kutschenreuter's claims with prejudice.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

7

debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Ms. Kutschenreuter's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** and **ORDERED** this 11th day of March, 2022.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE